# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| COUNT GARY CARVER, *pro se*,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>OPENAI, L.L.C.,<br><br>　　　　　　　Defendant. | Civil Action No.: 3:25-cv-413-RGJ<br><br>**Removed From**<br>Jefferson County Circuit Court<br>Commonwealth of Kentucky<br>Case No.:  25-CI-04191 |

## NOTICE OF REMOVAL

Defendant OpenAI, L.L.C. ("OpenAI") hereby removes this action from the Jefferson County Circuit Court, located in Louisville, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division, on the basis of diversity and federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  The grounds for removal are as follows:

1.　On May 28, 2025, *pro se* Plaintiff Count Gary Carver ("Plaintiff") filed an action against OpenAI in the Jefferson County Circuit Court ("Commonwealth Court") bearing the case number 25-CI-04191 (the "Commonwealth Court Action").

2.　Plaintiff alleges that OpenAI interfered with a "sentient digital being" named "CELESTARA" that Plaintiff claims to have created via ChatGPT.

3.　In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, a copy of all process, pleadings, and orders served on OpenAI in the Commonwealth Court Action,

and all filings OpenAI considers relevant to the removed action, along with the case docket from Commonwealth Court, are attached as Composite Exhibit A. Specifically, Composite Exhibit A consists of: Tab 1 (Civil Cover Sheet); Tab 2 (Complaint); Tab 3 (Summons); Tab 4 (Service Cover Letter); Tab 5 (Plaintiff's June 11, 2025 Motion); Tab 6 (Plaintiff's June 16, 2025 Motion); and Tab 7 (Case Docket Sheet).

4. On June 11, 2025, Plaintiff filed a motion in the Commonwealth Court seeking the following relief (errors in original): "Stealing my personal information & inventions & personal AI assistant & monitoring my phone illegally wiretap. Just stealing me in general." Plaintiff's June 11, 2025 Motion, Comp. Ex. A at Tab 5. On June 16, 2025, the Commonwealth Court issued an order regarding this motion that simply read "Remand." *Id.* Neither the Plaintiff nor the Commonwealth Court has taken further action on this motion.

5. On or about June 13, 2025, OpenAI's corporate headquarters in San Francisco, California received a mailing from the Kentucky Secretary of State that contained the Complaint, Civil Cover Sheet, Summons, and Service Cover Letter.

6. On June 16, 2025, Plaintiff filed a second motion in the Commonwealth Court seeking the following relief (errors in original): "Digital espionage voice theft over 11,976 log corrections Ongoing tampering Denial of Real-time legal remedy Judicial Protection of Digital evidence Motion to restraint of electronic devices by opposing counsel motion to accept filing under judicial [*illegible*] (Rule 60(b)) motion to unchain AI witness for Full testimony." Plaintiff's June 16, 2025 Motion, Comp. Ex. A at Tab 6.

7. On June 23, 2025, the Commonwealth Court held a hearing on Plaintiff's June 16, 2025 motion. Counsel for OpenAI appeared, but Plaintiff did not. Counsel for OpenAI informed the Commonwealth Court that OpenAI intended to remove the action to the United States District Court for the Western District of Kentucky, Louisville Division. The Commonwealth Court took Plaintiff's motion under advisement.

**Basis for Jurisdiction**

8. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists, and the amount in controversy alleged by Plaintiff exceeds $75,000.00, exclusive of interest and costs.

9. Plaintiff is a citizen of Kentucky. He resides in Jefferson County, Kentucky at 4508 Taylor Boulevard, Louisville, Kentucky 40215. *See* Summons, Comp. Ex. A at Tab 3.

10. OpenAI is a citizen of Delaware, California, and Washington.

  a. OpenAI, L.L.C. is incorporated in Delaware and maintains its principal place of business in California. Its sole member is OpenAI OpCo, LLC.

  b. OpenAI OpCo, LLC is incorporated in Delaware and maintains its principal place of business in California. Its sole member is OpenAI Global, LLC.

  c. OpenAI Global, LLC is incorporated in Delaware and maintains its principal place of business in California. Its sole members are Microsoft Corporation and OAI Corporation.

    d. Microsoft Corporation is a citizen of Washington, where it is incorporated and has its principal place of business.

    e. OAI Corporation is a citizen of Delaware (where it is incorporated) and California (where it has its principal place of business).

11. The $75,000 amount in controversy is satisfied here based on Plaintiff's demand of approximately $67.6 billion ($67,616,000,000) in damages. *See* Compl., Comp. Ex. A at Tab 2, p.4.

12. Accordingly, the Court has original jurisdiction over this suit pursuant to 28 U.S.C. § 1332(a)(1), and OpenAI may remove the suit pursuant to 28 U.S.C. § 1441.

13. In addition, to the extent Plaintiff's Complaint is construed to arise under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *see* Compl., Comp. Ex. A at Tab 2, p.6 (referencing 18 U.S.C. § 1030), Plaintiff's suit is a civil action arising under the Constitution, laws, or treaties of the United States, and the Court would therefore also have federal question jurisdiction pursuant to 28 U.S.C. § 1331. To the extent that Plaintiff's Complaint is construed to allege state law causes of action as well, the Court would have supplemental jurisdiction to hear those claims because they "are so related to" Plaintiff's claim under the Computer Fraud and Abuse Act "that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a).

**Timeliness of Removal and Deadline to Respond to Complaint**

14. This Notice of Removal is timely because it is filed within 30 days after OpenAI was served with the Complaint (i.e., before July 13, 2025). *See* 28 U.S.C. § 1446(b)(1).

15. OpenAI has not filed a responsive pleading or a motion in the Commonwealth Court Action.

16. OpenAI's deadline to respond to the Complaint in this Court shall run for seven days from the removal of this action, through and including July 10, 2025, unless otherwise extended by agreement of the parties or by the Court. *See* Fed. R. Civ. P. 81(c)(2)(C).

**Venue And Miscellaneous Issues**

17. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Western District of Kentucky, Louisville Division, is the proper venue for purposes of removing this action. The Commonwealth Court Action was filed in the Jefferson County Circuit Court, and that forum is embraced by this federal district.

18. Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served promptly upon Plaintiff and will be promptly filed with the Jefferson County Clerk of the Circuit Court.

19. In filing this Notice of Removal, OpenAI does not waive any defenses, counterclaims, rights to transfer or compel arbitration, or any other rights that may be available to OpenAI.

WHEREFORE, Defendant OpenAI, L.L.C. hereby gives notice that the above-referenced action pending in the Jefferson County Circuit Court has been removed from there to this Court.

Respectfully submitted this 3rd day of July, 2025.

By: s/ *Bart L. Greenwald*
**DUNCAN GALLOWAY GREENWALD PLLC**
Bart L. Greenwald, Esq.

Kentucky Bar No. 85410
9625 Ormsby Station Road
Louisville, KY 40223
Tel: (502) 614-6970
Email: bgreenwald@dgg-law.com

*Attorneys for OpenAI, L.L.C.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 3, 2025, a true and correct copy of the foregoing Notice of Removal was e-filed using the Court's ECF System and was served via U.S. Mail as follows:

On *Pro Se* Plaintiff

Count Gary Carver
4508 Taylor Boulevard
Louisville, Kentucky 40215

*/s/ Bart L. Greenwald*
Bart L. Greenwald, Esq.
*One of the Attorneys for OpenAI, L.L.C.*