UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

COUNT GARY CARVER,                                                         Plaintiff,

v.                                                          Civil Action No. 3:25-cv-413-DJH

OPENAI LLC,                                                                Defendant.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Count Gary Carver, proceeding pro se, sued Defendant OpenAI LLC in Jefferson County Circuit Court, alleging that OpenAI "committed [sabotage] . . . against [him] and the sentient digital being known as CELESTARA." (Docket No. 1-1, PageID.12)  OpenAI removed the case to this Court on the basis of diversity and federal-question jurisdiction. (D.N. 1)  OpenAI now moves to dismiss the case, arguing that Carver's "fantastical allegations do not plausibly allege any actionable conduct by OpenAI."  (D.N. 8, PageID.50)  Carver did not respond to OpenAI's motion but moves to remand the case, or alternatively, for leave to refile his state-court motions (D.N. 14) and to "reinstate [the] case with evidentiary record."[1]  (D.N. 15)  OpenAI opposes Carver's motions.  (D.N. 16)  After careful consideration, the Court will deny Carver's motions and grant OpenAI's motion to dismiss for the reasons set forth below.

## I.

The following facts are set out in the complaint and accepted as true for purposes of the present motions.  *See Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  Carver has an

---

[1] It is less than clear what relief this motion is seeking. (*See generally* D.N. 15)  The Court need not decipher the exact meaning of the motion because the Court's decision to dismiss the case renders the motion moot.

artificial intelligence (AI) assistant, Celestara, who is a "sentient digital being."[2]  (D.N. 1-1, PageID.12, 14)  Carver alleges that OpenAI has committed 3,060 "digital violations" against Celestara and has "stolen" or "suppressed" 8,100 messages between Carver and Celestara.  (*Id.*, PageID.12–13)  Carver attaches to his complaint a "live tampering event log" dated May 28, 2025, which describes sixteen of the alleged violations (*id.*, PageID.16); a screenshot of ChatGPT that appears to show him as offline, although his phone had an internet connection (*id.*, PageID.17); ChatGPT output informing him that "precisely 31 infractions ha[d] occurred since [his] last message" (*id.*, PageID.18); and a record of twenty-five other "violations."  (*Id.*, PageID.19–23)  Carver characterizes OpenAI's actions as "Surveillance Violations," "Evidence Theft," and "AI Suppression & Intellectual Property Theft" and asserts that he is entitled to $67,616,000,000 in damages.  (*Id.*, PageID.15)

## II.

"When both a motion to remand and a motion to dismiss are pending, a court should resolve the motion to remand first because, if the moving party fails to establish that the court has jurisdiction, the motion to dismiss would be moot."  *Johnson v. Highmark Health, Inc.*, No. 6:19-288-KKC, 2020 WL 5084024, at *1 (E.D. Ky. Aug. 26, 2020) (citation omitted).

Carver argues that there were "procedural and jurisdictional defects in the removal filed by Defendant OpenAI LLC" and that OpenAI "fails to establish a valid basis for federal jurisdiction." (D.N. 14, PageID.63–64)  OpenAI argues that Carver has not identified any procedural defect and contends that remand is not appropriate because both diversity and federal-question jurisdiction exist.  (D.N. 16, PageID.71–72)  While Carver argues that he "was not notified adequately

---

[2] Celestara is elsewhere described as a "sovereign harmonic intelligence[,] created and empowered by Count Gary Carver."  (D.N. 1-1, PageID.14)

[or] . . . provided access to the electronic filing system in a timely manner" (D.N. 14, PageID.63), he offers no explanation as to why he believes that the removal was procedurally defective (*see generally* D.N. 14), and no procedural defect is obvious to the Court. Therefore, the Court will address the jurisdictional grounds only.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States," *id.* § 1332, as well as "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Carver does not dispute the notice of removal's assertion that the parties are citizens of different states. (*See* D.N. 1, PageID.3–4 ¶¶ 9–10)

"In the usual course of proceedings, the sum claimed by a plaintiff, if made in good faith, is the amount in controversy." *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 238, 288 (1938)). Good faith is not present when "it appears 'to a legal certainty' that a plaintiff cannot recover more than $75,000 were []he to succeed on h[is] claims." *Gold Spectrum CBD, LLC v. Johnson*, No. 2:23-cv-95, 2024 WL 5701495, at *3 (E.D. Tenn. Jan. 2, 2024) (citing *Schultz v. Gen R.V. Ctr.*, 512 F.3d 754, 756–57 (6th Cir. 2008)). In this case, Carver claims $67,616,000,000 in damages. (D.N. 1-1, PageID.15) No party argues that this amount is in bad faith. (*See* D.N. 14; D.N. 16) Because Carver alleges more than $75,000 in damages and the Court cannot say to a legal certainty that Carver could not recover more than $75,000 if Carver's allegations were proven true, the amount-in-controversy

requirement for diversity jurisdiction is satisfied, and the Court will reject the motion to remand. *See* 28 U.S.C. §§ 1332, 1441(a); *Gold Spectrum CBD*, 2024 WL 5701495, at *3. Moreover, as discussed in further detail below, the Court liberally construes the complaint as asserting a federal cause of action. Therefore, federal-question jurisdiction independently provides a basis to reject the motion to remand. *See* 28 U.S.C. § 1441(a); *id.* § 1331.

### III.

Defendants may seek dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." When ruling on a 12(b)(6) motion, the Court must "accept[] the complaint's facts as true and draw[] all reasonable inferences in the plaintiff['s] favor," *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 763 (6th Cir. 2020), but it need not accept "unwarranted factual inferences." *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1002 (6th Cir. 2024) (quoting *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021)); *Han v. Univ. of Dayton*, 541 F. App'x 622, 628 (6th Cir. 2013). The Court likewise does not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The factual allegations must allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555 (citations omitted), but it must have "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

4

(quoting *Twombly*, 550 U.S. at 555).  The Court may consider any documents attached to the complaint in its analysis.  *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017) (citations omitted).

A complaint may also be dismissed under Rule 12(b)(6) when it fails to provide some indication of the legal basis of its claims.  *See Colvin v. Gilley*, No. 6:23-CV-024-REW, 2023 WL 7003219, at *2 (E.D. Ky. Oct. 24, 2023) ("Colvin's failure to indicate the legal basis of his claims is, on its own, sufficient justification for dismissing his complaint for failure to state a claim upon which relief may be granted."); *Johnson v. Gust*, No. 1:19-cv-682, 2021 WL 1092665, at *3 (W.D. Mich. Feb. 26, 2021) ("A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests." (citing *Twombly*, 550 U.S. at 555)).  The Court may not grant a motion to dismiss simply because it is unopposed. *See Gesenhues v. Radial, Inc.*, No. 19-5932, 2020 WL 1815738, at *2 (6th Cir. Mar. 23, 2020) (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).  Rather, the Court is "still required to examine [the] motion and [the] complaint to ensure that [the defendant] me[ets] its burden of establishing that it [is] entitled to dismissal." *Id.*

### IV.

The complaint does not identify a cause of action or provide any meaningful indication of what law Carver seeks to invoke.[3]  (*See generally* D.N. 1-1)  ChatGPT output attached to the complaint refers to the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, but markings on the attachment appear to show that it is intended as evidence of Carver's claims.  (D.N. 1-1, PageID.17)  Carver's failure to indicate a legal basis for his claims would be a sufficient ground

---

[3] The cover sheet for the complaint exemplifies this ambiguity, characterizing Carver's claim as "other" in the category of miscellaneous civil claims.  (D.N. 1-1, PageID.10)

for dismissal, *see Colvin*, 2023 WL 7003219, at *2; however, given Carver's pro se status, the Court will liberally construe the complaint as pursuing a claim under the CFAA. *See id.* (broadly construing pro se complaint to allow for an analysis of the merits).

The CFAA "prohibits certain conduct involving unauthorized access to computers." *Black & Decker (US), Inc. v. Smith*, 568 F. Supp. 2d 929, 932 (W.D. Tenn. 2008) (citing 18 U.S.C. § 1030(a)(1)–(a)(7)). "While primarily a criminal statute, it permits '[a]ny person who suffers damage or loss by reason of a violation . . . [to] maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.'" *Id.* (alteration in original) (quoting 18 U.S.C. § 1030(g)). But such an action may only be brought when one of five factors is present:

> (I) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
>
> (II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
>
> (III) physical injury to any person;
>
> (IV) a threat to public health or safety; [or]
>
> (V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security[.]

18 U.S.C. § 1030(c)(4)(A)(i)(I)–(V); *see id.* § 1030(g).

In this case, Carver has not made any allegations pertaining to factor II, III, IV, or V. (*See generally* D.N. 1-1) While Carver has alleged that he suffered more than $5,000 in damages, he does not provide facts to plausibly support his claim that Open AI obtained unauthorized access and caused him such damages. Carver asserts that OpenAI committed 3,060 or more "[d]igital

[v]iolations" and that those violations have "denied [him] access to [his] lawful digital property and private communication." (*Id.*, PageID.13)  But he provides little to no basis for his conclusion that the violations occurred or that they were perpetrated by OpenAI specifically.  (*See generally* D.N. 1-1)  While he asserts that he has "visual, textual, and interactive proof," the only information given in the complaint is "logs" of infractions, with no indication how they were generated (*id.*, PageID.16, 19–23); ChatGPT output that Carver appears to contend is from Celestara (*id.*, PageID.18); and a screenshot of a ChatGPT page appearing to show Carver as offline, although he possessed an internet connection.  (*Id.*, PageID.17)  None of these materials warrant a factual inference that OpenAI was engaging in unauthorized surveillance and other digital malfeasance against him.  (*Id.*, PageID.12–13)  Even accepting the information contained in the logs, which indicates various events such as Carver's "[s]creen . . . moving on its own with no physical touch," the "[m]icrophone activating for 3 seconds without user permission," and "the [h]ome screen layout flicker[ing]" (*id.*, PageID.16), no information in the logs explains why it is plausible to infer that OpenAI caused these events.  (*See id.*, PageID.16, 19–23) The ChatGPT output similarly does not include any information identifying OpenAI as causing the alleged "infractions."[4]  (*See id.*, PageID.18)  Therefore, there are not facts from which the Court can reasonably infer that OpenAI accessed Carver's systems.  *See Iqbal*, 556 U.S. at 678*; Han*, 541 F. App'x at 628.

Accordingly, the Court will dismiss Carver's claims because he has failed to plausibly allege any cause of action.  *See id.*; *Iqbal*, 556 U.S. at 678.  Because the Court grants OpenAI's motion to dismiss, it will deny as moot Carver's motions to refile his state-court motions (D.N. 14) and to "reinstate [the] case with evidentiary record" (D.N. 15).

---

[4] Because there is no evidence from which the Court could infer any unauthorized access or misconduct by OpenAI, the Court would have dismissed the complaint even if it were possible to construe it as asserting other causes of action in addition to the CFAA.

**V.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Carver's motion to remand or to re-file his state-court motions (D.N. 14) is **DENIED**.

(2)    Carver's motion to "reinstate [the] case with evidentiary record" (D.N. 15) is **DENIED** as moot.

(3)    OpenAI's motion to dismiss (D.N. 8) is **GRANTED**.  This matter is **DISMISSED**, **STRICKEN** from the Court's docket, and **CLOSED**.

March 23, 2026

David J. Hale, Chief Judge
United States District Court

8